HARRY M. RUNKLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 83949. Promulgated February 17, 1939.

*F. J. Wright, Esq.*, for the petitioner.
*Charles P. Reilly, Esq.*, for the respondent.

### OPINION.

VAN FOSSAN: The primary question to be determined is the cost basis of the new company class A stock which petitioner transferred to Frantz on the cancellation of his note for $100,000 held by Frantz. This stock had been acquired in the statutory reorganization whereby the International Derrick & Equipment Co., the old company, merged with the Stacey Engineering Co., forming the International-Stacey Corporation, the new company.

The Commissioner, in the notice of deficiency, based the deficiency on the application of the "first in, first out" rule. Before the hearing in the present case he changed his ground, and seeks to justify a deficiency by applying the "average cost" rule, he now contending that the basis of gain or loss on stock acquired under a nontaxable reorganization is the total cost of the old shares divided by the total number of new shares.

As authority to substantiate his contention respondent cites *Christian W. Von Gunten*, 28 B. T. A. 702; affd., 76 Fed. (2d) 670 (C. C. A., 6th Cir.); *Helvering* v. *Stifel*, 75 Fed. (2d) 583, affirming memorandum opinion of the Board; *Olive Hume Oliver*, 30 B. T. A. 1381; affd., 78 Fed. (2d) 561 (C. C. A., 3d Cir.); *Commissioner* v. *Bolender*, 82 Fed. (2d) 591, affirming memorandum opinion of the Board; *P. L. Wheeler*, 32 B. T. A. 917; *Lewis K. Walker*, 35 B. T. A. 640; *Jacob Epstein*, 36 B. T. A. 109.

To meet this line of authority petitioner attempts to distinguish the present action by reason of the fact, so he asserts, that the shares transferred to Frantz were actually identified with specific shares given in exchange on the reorganization. We are unable to agree.

Despite the elaborate procedure pursued by petitioner in exchanging his stock in the old company for that in the new company, further complicated by petitioner's relationship as a debtor to the bank and to Frantz, we can not find that there was proper identification of shares and consequently believe the rule of the *Von Gunten* and other cases to the same effect applies. The farthest we can go on the record is to find that in exchange for 4,900 shares of preferred and 700 shares of common petitioner received 31,500 shares of class A stock.

The rule of the cited cases is based on the concept that, if identification of shares is not definitely established, stock acquired in a reorganization is acquired in a single transaction and for a single consideration. It was said in *Helvering* v. *Stifel*, *supra*, that "there is no practicable way of determining the cost of the shares received in exchange" other than that adopted by the Board in the *Von Gunten* case. In the *Stifel* case stock of two corporations acquired at different times was exchanged for stock in the new corporation at varying ratios. Here we have two classes of stock of one corporation exchanged for two classes of stock in the new corporation. Identification of shares exchanged was not sufficiently proved.

There is nothing in the records of the transfer agent to show that any particular old shares were identifiable with particular new shares, and the instructions issued by petitioner as president of the new company contemplated no such procedure. Neither petitioner's secretary nor the representative of the transfer agent, who handled the actual exchanges and might have testified to what actually occurred, appeared as a witness.

We are of the opinion and hold that the correct cost basis for the class A shares sold by petitioner in the taxable year is to be found by dividing the total cost of the old shares, both preferred and common, $840,000, by 153,500, the total number of new shares of class A stock, it being conceded by respondent that the class B shares had no value when received.

There remains for consideration the question of how much of the gain is to be taxed at capital rates and how much at ordinary rates, the 6,000 common shares having been held by petitioner more than two years and the 4,900 preferred shares less than two years.

There is no specific statutory provision governing the question, nor has the Commissioner promulgated any appropriate regulation. Likewise, there is no decision of the Board in point, the matter being referred to but not ruled on in *Jacob Epstein*, *supra*.

The petitioner does not discuss the question in his brief. Respondent, however, suggests that "since under section 113 (a) (6) of the Revenue Act of 1928, the basis of the class A shares received on the exchange is the same as the collective basis of the shares exchanged,

it follows, under the provisions of section 101 (c) (8) of the statute and subparagraph (A) thereunder, that the class A shares sold were in part capital assets and in part non-capital assets." He further suggests that in this situation it is not logical to tax the gain entirely as capital gain or entirely as ordinary gain and advances as a possible solution the following:

The basis of the old common shares was $350,000.00, and the basis of the old preferred shares was $490,000.00, a total basis for the two classes of shares of $840,000.00. The fraction $\frac{350,000}{840,000}$ or $\frac{5}{12}$ measures the extent to which the Class A shares are capital assets, and the fraction $\frac{490,000}{840,000}$ or $\frac{7}{12}$ measures the extent to which the Class A shares are non-capital assets. The profit on the sale should be taxed in the same proportion, $\frac{5}{12}$ as capital gain and $\frac{7}{12}$ as ordinary income.

The above suggested answer has the merit of simplicity and would seem to be both reasonable and equitable. No better solution occurs to us. It is, therefore, held that the tax, if any be due on the disposition of the 10,000 shares of class A stock, should be computed in accordance with the above formula.

Reviewed by the Board.

*Decision will be entered under Rule 50.*